ORTHOMIDWEST, PLLC, d/b/a )
ORTHOILLINOIS, )
  )
    **Plaintiff,** )
  )     **Civil Action No.**
**v.** )
  )     **3:24-cv-01018**
EPISODE SOLUTIONS, LLC, )
  )
  )
    **Defendant.** )
  )

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF ORTHOMIDWEST, PLLC'S MOTION TO FILE CORPORATE DISCLOSURE STATEMENT UNDER SEAL

Plaintiff OrthoMidwest, PLLC, d/b/a OrthoIllinois ("OrthoIllinois"), by and through undersigned counsel, in support of its Motion to File Corporate Disclosure Statement Under Seal, states as follows:

### FACTUAL BACKGROUND

Pursuant to Federal Rule of Civil Procedure 7.1(a)(2), OrthoIllinois as a professional limited liability company, must name and identify the citizenship of its members in its Corporate Disclosure Statement, including every individual or entity whose citizenship is attributed to OrthoIllinois's membership.

OrthoIllinois is owned equally by OrthIllinois HoldCo, Ltd., an Illinois corporation ("HoldCo"), and MOR 2, PLLC, an Illinois professional limited liability company ("MOR" an collectively with HoldCo, the "Members"). The Members' organizational and membership structure is not publicly available information and is considered confidential by the Members and the individuals comprising the ownership of the Members. Specifically, the individuals comprising the ownership of the Members are a group of doctors whose privacy interests outweigh the need

for disclosure in this case, especially when the disclosure of their names will not serve any beneficial purpose (particularly because OrthoIllinois intends on disclosing their citizenship for purposes of diversity jurisdiction to the Court and Defendant).

As such, OrthoIllinois requests leave to file its corporate disclosure statement under seal so that it is not made available on the Court's public, online e-filing system. Counsel for OrthoIllinois intends to provide physical copies of its Corporate Disclosure Statement to the Court and to Defendant Episode Solutions, LLC.

## ARGUMENT

Under Rule 7.1 of the Federal Rules of Civil Procedure, a nongovernmental corporation must file a disclosure statement in any action in which jurisdiction is based on traditional diversity. Fed. R. Civ. P. 7.1(2). The disclosure statement must name and identify the citizenship of every individual whose citizenship is attributed to that party. *Id*. However, "[t]he Rule recognizes that the court may limit the disclosure in appropriate circumstances." Fed. R. Civ. P. 7.1(2), advisory committee's note to 2022 amendment. While courts have held that a "strong presumption in favor of openness" exists as to the openness of court records, *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016), this presumption can be overcome "where a party can show a compelling reason why certain documents or portions thereof should be sealed" and the seal itself is narrowly tailored to serve that reason. *Id*. Moreover, Local Rule 5.03 states that a motion for leave to file a document under seal "must demonstrate compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons by specifically analyzing in detail, document by document, the propriety of secrecy, providing factual support and legal citations." LR 5.03(a).

2

In this case, the Members have a distinct privacy interest in ensuring their own confidentiality, and the public disclosure of the identity of the Members is not required to show the Court that diversity jurisdiction exists under 28 U.S.C. § 1332. The individual members of the Members have a unique privacy interest in keeping their names confidential due to the fact that these individuals are comprised of doctors who serve important roles as healthcare providers in their communities. The disclosure of the names of each individual doctor is of less importance, particularly if the Court is equipped with information sufficient to show that diversity jurisdiction exists. In this case, the Court must look to the Members, first, to determine if diversity jurisdiction exists. HoldCo, an Illinois corporation, is considered an Illinois citizen for purposes of diversity jurisdiction. Because MOR is a professional limited liability company, the Court must determine the citizenship of the individual members for purposes of diversity jurisdiction. To ensure that the Court is equipped with sufficient information to make the determination of whether diversity jurisdiction exists and to "narrowly tailor" the scope of the requested relief, OrthoIllinois intends on submitting the citizenship information of the individual members of MOR under seal to the Court and to opposing counsel. In any event, OrthoIllinois is cognizant of the importance of disclosure under Rule 7.1 and is willing to narrowly tailor the relief requested herein as may be ordered by the Court to ensure that proper disclosure is given while also protecting the privacy interests of the individual members of MOR.

For the foregoing reasons, Plaintiff OrthoMidwest, PLLC, d/b/a OrthoIllinois requests this Court grant it leave to file its Corporate Disclosure Statement under seal and direct the Clerk of Court to file OrthoIllinois's Corporate Disclosure Statement under seal.

Respectfully submitted this the 21st day of August, 2024.

/s/ Margaret M. Siller
Margaret M. Siller (BPR No. 039058)
MAYNARD NEXSEN PC
1131 4th Avenue South, Suite 320
Nashville, Tennessee 37210
Tel: (629) 285.2253
Email: MSiller@maynardnexsen.com

Ryan D. Thompson (*pro hac vice forthcoming*)
Wes Bulgarella (*pro hac vice forthcoming*)
MAYNARD NEXSEN PC
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203-2618
Telephone: 205.254.1000
Email: rthompson@maynardnexsen.com
        wbulgarella@maynardnexsen.com

*Attorneys for Rockford Orthopedic Associates, Ltd., d/b/a OrthoIllinois*