IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| ORTHOMIDWEST, PLLC, d/b/a ORTHOILLINOIS,<br><br>    Plaintiff,<br><br>v.<br><br>EPISODE SOLUTIONS, LLC,<br><br>    Defendant. | Civil Action No.<br><br>3:24-cv-01018 |

**MEMORANDUM OF LAW IN SUPPORT OF
EPISODE SOLUTIONS, LLC MOTION TO
FILE CORPORATE DISCLOSURE STATEMENT UNDER SEAL**

Episode Solutions, LLC, in support of its Motion to File Corporate Disclosure Statement Under Seal, states as follows:

**FACTUAL BACKGROUND**

Pursuant to Federal Rule of Civil Procedure 7.1(a)(2), Episode Solutions as a limited liability company, must name and identify the citizenship of its members in its Corporate Disclosure Statement, including every individual or entity whose citizenship is attributed to Episode Solution's membership.

Episode Solutions has 138 members. The membership structure is not publicly available information and is considered confidential by the Members and the individuals comprising the ownership of the Members. Specifically, the individuals comprising the ownership of the Members have privacy interests that outweigh the need for disclosure in this case, especially when the disclosure of their names will not serve any beneficial purpose (particularly because Episode Solutions intends on disclosing that two members have Illinois citizenship that will disqualify diversity jurisdiction of the Court).

As such, Episode Solutions requests leave to file its corporate disclosure statement under seal so that it is not made available on the Court's public, online e-filing system. Counsel for Episode Solutions intends to provide physical copies of its Corporate Disclosure Statement to the Court and to Defendant Episode Solutions, LLC.

## ARGUMENT

Under Rule 7.1 of the Federal Rules of Civil Procedure, a nongovernmental corporation must file a disclosure statement in any action in which jurisdiction is based on traditional diversity. Fed. R. Civ. P. 7.1(2). The disclosure statement must name and identify the citizenship of every individual whose citizenship is attributed to that party. *Id*. However, "[t]he Rule recognizes that the court may limit the disclosure in appropriate circumstances." Fed. R. Civ. P. 7.1(2), advisory committee's note to 2022 amendment. While courts have held that a "strong presumption in favor of openness" exists as to the openness of court records, *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016), this presumption can be overcome "where a party can show a compelling reason why certain documents or portions thereof should be sealed" and the seal itself is narrowly tailored to serve that reason. *Id*. Moreover, Local Rule 5.03 states that a motion for leave to file a document under seal "must demonstrate compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons by specifically analyzing in detail, document by document, the propriety of secrecy, providing factual support and legal citations." LR 5.03(a).

In this case, the Members have a distinct privacy interest in ensuring their own confidentiality, and the public disclosure of the identity of each of Members is not required to show the Court lacks diversity jurisdiction under 28 U.S.C. § 1332. The individual members of the Members have a unique privacy interest in keeping their names confidential, particularly passive investors. The disclosure of the names of every member is of less importance,

particularly if the Court is equipped with information sufficient to show that diversity jurisdiction is lacking. In this case, the Court must look to the Members, first, to determine if diversity jurisdiction exists. There are two members who are citizens of Illinois, the same state of citizenship for OrthoIllinois' members. To ensure that the Court is equipped with sufficient information to make the determination of whether diversity jurisdiction exists and to "narrowly tailor" the scope of the requested relief, Episode Solutions intends on submitting the citizenship information of its individual members under seal to the Court and to opposing counsel. In any event, Episode Solutions is cognizant of the importance of disclosure under Rule 7.1 and is willing to narrowly tailor the relief requested herein as may be ordered by the Court to ensure that proper disclosure is given while also protecting the privacy interests of the individual members of Episode Solutions.

For the foregoing reasons, Episode Solutions requests this Court grant it leave to file its Corporate Disclosure Statement under seal and direct the Clerk of Court to file Episode Solutions' Corporate Disclosure Statement under seal.

Respectfully submitted,

*s/Salvador M. Hernandez*
Salvador M. Hernandez (TN BPR# 20121)
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
shernandez@rjfirm.com

*Attorney for Defendant Episode Solutions, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on the following persons via the Court's CM/ECF system on this 14th day of January 2025.

Margaret M. Siller
MAYNARD NEXSEN PC
1131 4th Avenue South, Suite 320
Nashville, TN 37210
Tel: (629) 285-2253
MSiller@maynardnexsen.com

Wes Bulgarella (*admitted pro hac vice*)
MAYNARD NEXSEN PC
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203-2618
Tel: (205) 254-1000
wbulgarella@maynardnexsen.com

*s/Salvador M. Hernandez*